UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS and DEANNA FIELD,

    Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

CASE NO. C13-5267 BHS

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") motion for summary judgment (Dkt. 11). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On March 19, 2013, Plaintiffs Thomas and Deanna Field (the "Fields") filed a complaint against State Farm in Thurston County Superior Court for the State of Washington. Dkt. 1, Exh. A. The Fields allege breach of contract, violations of the Washington Insurance Fair Conduct Act ("IFCA"), and violations of the Washington Consumer Protection Act ("CPA"). *Id.*

1    On April 14, 2014, State Farm filed a motion for summary judgment. Dkt. 11. On May 5, 2014, the Fields responded. Dkt. 14. On May 9, 2014, State Farm replied. Dkt. 18.

## II. FACTUAL BACKGROUND

The Fields entered into a contract of insurance with State Farm to cover their motor home from February 2011 to February 2012. Dkt. 12, Declaration of Tracie Hauk ("Hauk Dec."), Exh. 2. According to Deanna Field, on January 25, 2012, Mr. Field discovered that the motor home had been damaged by recent winter storms and was leaking. Dkt. 17, Declaration of Deanna Field, ¶ 2. On April 4, 2012, an RV technician inspected the motor home and recommended that the Fields take the vehicle to the manufacturer's facility in Oregon. *Id*., ¶ 4. On May 7, 2012, the Fields drove the vehicle to the facility where an employee made temporary repairs by filling two small cracks in the roof to prevent further water intrusion. *Id*., ¶ 5. The manufacturer billed the Fields $379.91 for the repairs. *Id*.

After discovering the repair would not be covered by warranty, Mrs. Field contacted State Farm. *Id*., ¶ 6. State Farm sent the Fields a letter "stating that dismantling parts of the motor home would be needed to determine if the damage resulted from the loss." *Id*., ¶ 9. The Fields denied State Farm's request to dismantle the motor home because the Fields might have borne the burden of the dismantle fees. *Id*.

After some additional discussions and inspections, State Farm denied the majority of the Fields' claim for damages. Hauk Dec., Exh. 5. State Farm, however, did grant the claim for some of the damages. *Id*.

### III. DISCUSSION

State Farm moves for summary judgment on all of the Fields' claims.

**A.     Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual

issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.      Breach of Contract**

Under Washington law an insured has a duty to cooperate with their insurer.  *Oregon Auto. Ins. Co. v. Salzberg*, 85 Wn. 2d 372, 375–76 (1975).  In order to deny coverage based on lack of cooperation, the insurer must be able to show a substantial and material breach of any cooperation clause and that the insured did not substantially comply with the policy.  *Staples v. Allstate Ins. Co.*, 176 Wn.2d 404 (2013).  The insurer must show actual prejudice from any alleged failure to cooperate.  *Id*. at 410.  "Prejudice is an issue of fact that will seldom be established as a matter of law."  *Id*. at 420–421 (citing *Dien Tran v. State Farm Fire & Cas. Co.*, 136 Wn.2d 214, 224 (1998)).

In this case, State Farm has failed to meet its burden for judgment as a matter of law.  Although State Farm has identified some instances of a lack of cooperation and some failures to comply with portions of the policy, State Farm has failed to show through uncontroverted evidence a substantial and material breach or actual prejudice.  Therefore, the Court denies State Farm's motion as to the Fields' breach of contract claim.

### C.     Fees Under *Olympic Steamship*

"An insured who is compelled to assume the burden of legal action to obtain the benefit of its insurance contract is entitled to attorney fees," whether or not the insurance policy contains a provision for such fees. *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 54 (1991).  The Court, however, should not impose attorney's fees "when an insured has undisputedly failed to comply with express coverage terms, and the noncompliance may extinguish the insurer's liability under the policy." *Public Utility Dist. No. 1 of Klickitat County v. International Ins. Co.*, 124 Wn.2d 789, 815 (1994).

In this case, State Farm essentially seeks a ruling that any noncompliance by an insured negates an award of fees under *Olympic Steamship*.  The Court declines to accept that proposition.  The case law cited by State Farm stands for the proposition that, in cases where noncompliance is present, fees should be awarded on a case by case basis.  *See, e.g., PUD No. 1*, 124 Wn.2d at 815 (the Washington State Supreme Court could not "justify an attorney fees award under these circumstances.").  Upon review of the record, the Court is unable to conclude at this point that fees under *Olympic Steamship* may not be justified.  Therefore, the Court denies State Farm's motion on this issue.

### D.     Statutory Claims

In Washington, an insurer may not deny an insurance claim "without conducting a reasonable investigation."  WAC 284-30-330.

In this case, the Fields have shown that numerous questions of fact exist on their statutory claims.  For example, State Farm denied the Fields' claim without inspecting the roof damage.  On July 17, 2012, Mrs. Field informed State Farm that their repairman

"discovered very small cracks in the sealant around the skylight and wind sensor for the awning. They repaired those areas." Dkt. 15, Declaration of Justin Dale, Exh. 7 at 1.  On September 14, 2012, State Farm denied the Fields' claim by stating, in part, as follows:

> Mr. Cline made this determination without inspecting the roof exterior because he determined that to do so was not necessary to confirm the roof as the water source. He did not directly evaluate the roof surfaces because "any roof leaks would be apparent as water damage within the RV living compartment or within accessible compartments."

Hauk Dec., Exh. 5 at 2.  Accepting the Fields' version of the facts, a reasonable juror could conclude that State Farm failed to conduct a reasonable investigation because they failed to inspect the roof damage and/or repair.  Therefore, the Court denies State Farm's motion on the Fields' statutory claims.

## IV. ORDER

Therefore, it is hereby **ORDERED** that State Farm's motion for summary judgment (Dkt. 11) is **DENIED**.

Dated this 18th day of June, 2014.

BENJAMIN H. SETTLE
United States District Judge